## Case No. 5,234.

### GARDNER v. PEYTON.

[5 Cranch, C. C. 561.] [1]

Circuit Court, District of Columbia. May
Term, 1839.

THE COURT (THRUSTON, Circuit Judge,
absent,) on general demurrer, decided that
the plea of non assumpsit infra quinque
annos, was not a good plea to an action upon
such a promise.

At the trial, upon the issue on the plea of
actio non accrevit, Mr. Neale, for the defend-
ant, contended that the action accrued upon
the receipt of the money by the defendant,
and cited 3 Bl. Comm. 25; Laws Va. Nov. 19,
1792, p. 97, § 12; Laws Va. Dec. 19, 1792,
for limitation of actions, p. 107, § 4; Taylor
v. Armstead, 3 Call, 200; Kinney v. McClure,
1 Rand. [Va.] 284; 2 Har. Dig. 1458; Man-
ning's Index, 57; 2 Tuck. Bl. Comm. 388,
430; and thereupon moved the court for an
instruction to the jury to that effect.

But THE COURT refused, and stopped
Mr. Taylor, for the plaintiff, who was about
to reply; being of opinion that the cause of
action did not accrue until demand of pay-
ment, and the defendant's refusal to pay.

Verdict for the plaintiff.

## Case No. 5,235.

### GARDNER et al. v. The ROSEDALE.

[2 N. J. Law J. 83.]

District Court, D. New Jersey. Feb. 11, 1879.

NIXON, District Judge. This is a libel in
rem to recover the amount due the libellants
for furnishing seats to the steamer Rosedale.
Both the libellants and claimant reside and
carry on business in New York, and the
steamer is owned and registered there. She
was built at Norfolk, Va., in the year 1877,
by George W. Beach for the claimant for the
sum of $54,000. The putting in of the seats
was in the original contract for her construc-
tion, and the seats were ordered by the
builder, Beach, before the vessel was
launched, but to save the transportation to
Norfolk, she was brought to Hoboken, N. J.,
for the purpose of receiving the seats. After
she reached there, and about the time the
libellants began to furnish the articles, they
learned that Beach had had trouble about
paying his bills, and the work was suspend-
ed until some more satisfactory arrangement
was made respecting payment for the same.

One of the clerks of the libellants called up-
on the owner's brother, Philemon Smith,
who he understood was authorized to act for
his brother in all matters pertaining to the
steamer, and procured from him a promise
that his brother would pay the bill if the
seats were furnished. Mr. Gardner, one of
the libellants, swears that it was in conse-
quence of this personal guaranty by the own-
er that the debt was contracted. The claim-
ant on the other hand insists that the mate-
rials were furnished and the work done on a
contract with the builder, Beach, and as it
came without the original contract for build-
ing and equipping the vessel, a libel in rem
is not maintainable, because the contract
was not maritime. The difficulty about the
libellants' case is, that the proof which they
offer, that Smith, the owner, agreed to pay
for the seats, discharges the steamboat from
all liability by a proceeding in rem. If the
testimony is true, the credit was not given to
the vessel, but to the owner, and in such
cases the only remedy for the creditor is
against the owner in personam.

All lien is lost, if any ever existed under
the local laws, by lapse of time; and upon
the proofs the libellants must be left to their
personal remedy against the owner. The li-
bel in rem is dismissed with costs.